UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL LYONS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-384-HAB-ALT |
| SHARON TUCKER, et al., | |
| Defendants. | |

OPINION AND ORDER

Carl Lyons, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 9.) His original complaint was stricken because it was confusing and combined unrelated claims against unrelated defendants. (ECF 8.) He was given a chance to replead, and he responded with the present pleading. He also filed another motion for leave to proceed in forma pauperis (ECF 10), but this motion was unnecessary because he is already proceeding in forma pauperis in this case. (ECF 6.)

Pursuant to 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). Because Lyons is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Lyons is incarcerated at the Allen County Jail. He names three defendants—a prosecutor, a public defender, and a police officer—and asserts without elaboration that they "violated my 14th Amendment's rights of Due Process of Law." (ECF 9 at 2.) He seeks monetary damages and other relief. (*Id.* at 4.)

Although Lyons does not provide much detail, public records reflect that he is currently facing a drug-dealing charge in Allen County.[1] *State v. Lyons,* No. 02D04-2504-F5-000137 (Allen Sup. Ct. filed Apr. 28, 2005). He cannot challenge the pending criminal charge or obtain release from custody in this civil rights case if that is what he is trying to do. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). To the extent he has an available remedy in federal court to challenge his detention pursuant to the pending charge, it would be under the federal habeas corpus statute. *Id.*; *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (outlining limited habeas relief available to state pretrial detainees). His claims against the prosecutor and public defender cannot proceed, however, because the prosecutor is immune from suit for his actions taken on behalf of the state in Lyons' criminal case, *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976), and a public defender is not a state actor who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

The final defendant, Jeffrey Ripley, is a police officer. According to the probable cause affidavit filed in Lyons' criminal case, Officer Ripley purchased crack cocaine from Lyons in a controlled drug buy while working undercover. *Lyons,* No. 02D04-2504-F5-000137 (entry dated Apr. 28, 2025). Lyons does not provide any details about how the officer allegedly violated his due process rights, and the court cannot infer from his minimal allegation that he has a viable Fourteenth Amendment claim against the officer. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards).

Therefore, the amended complaint does not state a claim for relief against any defendant. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Lyons already amended his complaint once, but in fairness he will be given an additional opportunity to amend in response to this screening order. If, after reviewing this order, he believes he can state a plausible constitutional claim, he may file a second amended complaint.

For these reasons, the court:

(1) DENIES the plaintiff's motion for leave to proceed in forma pauperis as unnecessary (ECF 10);

(2) GRANTS the plaintiff until **October 17, 2025**, to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on September 17, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT